UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. SANDERS,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | Case No. 1:20-cv-00222-AWI-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>21-DAY DEADLINE |

Plaintiff Don C. Sanders is a state prisoner proceeding *pro se* and *in forma pauperis*. He alleges that prison officials improperly classified him as a sex offender by affixing an "'R' Suffix Administrative Determinant" on a classification committee chrono dated October 29, 2019. (*See* Doc. 1 at 3-4, 15.) Attached to Plaintiff's complaint are notices from November and December of 2019, notifying Plaintiff that prison officials rejected his administrative grievances regarding this matter at the first level of review. (*See id.* at 7, 12-14.) According to the notices, officials rejected Plaintiff's grievances because the classification staff representative (CSR) "has yet to audit the case, meaning [Plaintiff] currently do[es] not have 'R' Suffix applied." (*Id.* at 12.) In other words, Plaintiff was "attempting to appeal an action not yet taken." (*Id.*) The notices provided that, once the audit is complete, and if the "CSR approves the 'R' Suffix," Plaintiff may proceed with an administrative appeal at that time. (*Id.*)

///

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Prison officials rejected Plaintiff's administrative appeals because the CSR had not yet issued a final decision on the matter of which he complained. Accordingly, the Court ORDERS Plaintiff, **within 21 days,** to show cause in writing why this action should not be dismissed for failure to exhaust. Plaintiff's response should be captioned, "Response to Order to Show Cause." Alternatively, Plaintiff may file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   **June 16, 2020**                              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE