UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON C. SANDERS,<br><br>                  Plaintiff,<br><br>       v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                  Defendants. | Case No. 1:20-cv-00222-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE |

Plaintiff Don C. Sanders, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 12, 2020. In his complaint, Plaintiff alleges that prison officials improperly classified him as a sex offender by affixing an "'R' Suffix Administrative Determinant" on a classification committee chrono dated October 29, 2019. (*See* Doc. 1 at 3-4, 15.) Attached to Plaintiff's complaint are notices from November and December of 2019, notifying Plaintiff that prison officials rejected his administrative grievances regarding this matter at the first level of review. (*See id.* at 7, 12-14.) According to the notices, officials rejected Plaintiff's grievances because the classification staff representative (CSR) "has yet to audit the case, meaning [Plaintiff] currently do[es] not have 'R' Suffix applied." (*Id.* at 12.) In other words, Plaintiff was "attempting to appeal an action not yet taken." (*Id.*) The notices provided that, once the audit is complete, and if the "CSR approves the 'R' Suffix," Plaintiff may proceed with an administrative appeal at that time. (*Id.*)

Based on the foregoing, it is clear that Plaintiff failed to exhaust administrative remedies prior to filing suit. Prison officials rejected Plaintiff's administrative appeals because the CSR had not yet issued a final decision on the matter of which he complained.

Accordingly, on June 16, 2020, the Court issued an order to show cause, within 21 days why this action should not be dismissed for failure to exhaust administrative remedies. (Doc. 14.) Although more than the allowed time has passed, Plaintiff has failed to respond to the order to show cause.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any … Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought … or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

The face of the complaint reveals that Plaintiff failed to exhaust administrative remedies before filing suit. Although Plaintiff appears to be in the process of exhausting his claims, exhaustion must be completed <u>before</u> the filing of a complaint; it cannot be completed during the pendency of a lawsuit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *cf. Rhodes v. Robinson*, 621 F.3d 1002, 1005-07 (9th Cir. 2010). Because Plaintiff failed to exhaust, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 24, 2020**                                /s/ *Sheila K. Oberto*                  
                                                                          UNITED STATES MAGISTRATE JUDGE